Ms. Stacey Witherell Administrative Assistant Human Resources Department, City of Little Rock 500 W. Markham, Suite 130W Little Rock, Arkansas 72201-1428
Dear Ms. Witherell:
This official Attorney General opinion is issued in response to your request, pursuant to A.C.A. § 25-29-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that the City of Little Rock received a request for "a list of all disciplinary action taken against officers of the Little Rock Police Department involved in on duty accidents for the past five years." As custodian of the records, you have determined that the only records in the possession of the City that are responsive to the request and that should be released are letters of disciplinary action taken in the form of suspension or termination. You have further determined that you are not required to compile information or create a record in a requested format in response to the request. Finally, you have notified all of the records' subjects about the request, about your decision concerning the records' release, and of the fact that you have requested an Attorney General's opinion. Your question is whether your decision concerning the requested records is consistent with the FOIA.
It is my opinion that your decision concerning the requested records is consistent with the FOIA.
This office has previously opined that letters of suspension, termination, and other disciplinary action containing substantive statements of the reason for the action taken constitute "employee evaluation or job performance records," within the meaning of the FOIA.See, e.g., Ops. Att'y Gen. Nos. 97-190; 96-258 (letters of termination); 92-207 (letters of warning); 96-033 (letters of reprimand); 96-342 (disciplinary records); 96-271, 94-194 (formal performance evaluation records); 96-033 (supervisors' memos and incident reports). Accordingly, the records that you have decided to release constitute "employee evaluation or job performance records."
Under the FOIA, "employee evaluation and job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
It is my opinion that all three of the conditions stated above have been met with regard to the records that you have decided to release. First, you have decided to release only records related to cases in which there was a final administration resolution of a suspension or a termination. Second, all such records contain a substantive statement, setting forth the incident that led to the suspension or termination (and can therefore be interpreted to have formed the basis for the suspension or termination). Third, in all of the cases to which these records relate, the suspension or termination was the result of an on duty accident. The public clearly has an interest in the cautious driving of its law enforcement officers in emergency situations. Indeed, the public's interest in this issue is reflected in the following language of the General Orders of the Little Rock Police Department:
 The Police Department's primary concern in emergency driving situations is the protection of the lives and safety of all citizens and officers. . . . Driving under emergency conditions does not relieve the officer from the duty to drive with due regard for the safety of all persons, nor will these provisions protect the driver from the consequences of his disregard for the safety of others.
General Order No. 302, § I.A., General Orders of the Little Rock Police Department (emphasis added).
Because the requested records constitute "employee evaluation or job performance records," within the meaning of the FOIA, and because all conditions for the release of such records have been met, I conclude that your decision to release the records is consistent with the FOIA. I also conclude that your decision not to compile a list or create a new record is consistent with the FOIA. The FOIA covers existing records only and does not require an agency to compile or collect information. Op. Att'y Gen. No. 97-048; WATKINS, THE ARKANSAS FREEDOM OF INFORMATION ACT 72 (2nd ed. 1994), and Attorney General Opinions cited therein.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh